MINERVA AMERMAN ET AL. v. J. J. NEWBERRY COMPANY

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 75439

Memorandum filed January 21, 1952.

*Cole & Cole*, of Hartford, for the Plaintiffs.

*Pelgrift, Dodd, Blumenfeld & Nair*, of Hartford, for the Defendant.

DALY, J.  This action was brought by the service of the writ, summons and complaint (dated January 21, 1946) on January 22, 1946.  In the complaint it is alleged that Minerva Amerman was injured on January 27, 1945, and that the occurrence was due to the negligence and carelessness of the defendant.

By written motion dated April 4, 1951, and filed April 7, 1951, John S. Amerman, administrator of the estate of Minerva Amerman, moved that he be substituted as a party plaintiff. In the motion it was alleged that Minerva Amerman died on December 24, 1948.  By order dated April 13, 1951, the motion was granted and it was ordered that John S. Amerman, administrator of the estate of Minerva Amerman, be substituted as party plaintiff.

An amended complaint was filed as of October 5, 1951.  In it, it was alleged that Minerva Amerman was injured on January 27, 1945, and that the occurrence was due to the negligence and carelessness of the defendant and that the injuries resulted in her death.

The defendant has amended its answer and added the following second affirmative defense:  "1. The amended complaint filed on or after October 5, 1951, alleges an action for wrongful death occurring on December 24, 1948, as a result of the defendant's neglect on January 27, 1945.  2. The action for the alleged wrongful death of the plaintiff's decedent was not brought within one year of the neglect or fault complained of in accordance with the provisions of the following sections of the General Statutes: 1430 E 1939 Sup., 1005 H 1945 Sup. and 8296 Revision of 1949."

The plaintiff has demurred to the second affirmative defense, as follows:  "Insofar as the Second Affirmative Defense of the Amendment to the Defendant's Answer purports to state the Defense that the action for wrongful death of the Plaintiff's decedent was not brought within one year of the neglect or fault complained of, the Plaintiff demurs because:  Under Sections 1430 E 1939 Sup., 1005 H 1945 Sup. and 8296 Revision of 1949, the action need only be brought within one year from the neglect or fault complained of, the time of death being immaterial, as under said sections death may be instantaneous or otherwise."

The defendant's claim is that because the plaintiff's decedent, Minerva Amerman, died (on December 24, 1948) more than one year after January 27, 1945 (the date upon which it is alleged that she was injured) the plaintiff cannot recover in this action. In the statutes relied upon by the defendant we find the following: ". . . provided no action shall be brought to recover such damages but within one year from the neglect or fault complained of."

This action was brought on January 22, 1946, when service was made. It was not brought when the amended complaint was filed.

"Under our statute, differing from Lord Campbell's Act in England and statutes in this country of like purport, the cause of action 'which the executor or administrator is permitted to pursue is not one which springs from the death. It is one which comes to the representative by survival. The right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent.'" *Chase* v. *Fitzgerald*, 132 Conn. 461, 467.

The demurrer is sustained upon the ground stated therein.